FILED
SUPERIOR COURT
OF GUAM

2024 JAN 22 PM 4: 40

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | | |
|---|---|---|
| **PEOPLE OF GUAM,** | ) | **Criminal Case No. CM0014-21** |
| | ) | GPD Report No. 21-01627 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DECISION AND ORDER** |
| | ) | **GRANTING REVOCATION OF** |
| **CORI JAMES GUMABON,** | ) | **PROBATION** |
| DOB: 07/07/1995 | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 14, 2023 for a Return of Warrant hearing in the above captioned matter related to Cori James Gumabon's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender William Jones. The People of Guam were represented by Assistant Attorney General Gloria Rudolph. During the hearing, the Court revoked the Defendant's probation, sentenced defendant to forty-five (45) days incarceration, and now issues this written decision memorializing its ruling.

## BACKGROUND

On September 29, 2021, Defendant pled guilty to Harassment (as a Petty Misdemeanor). See Judgment of Conviction (Sep. 29, 2021). A judgment was entered imposing the following relevant conditions of probation:

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **COUNSELING/TREATMENT:** Defendant shall undergo and successfully complete the Anger and Stress Management Program administered by the Adult Probation Office.

- **FINE:** Defendant shall pay a **fine** of **five hundred dollars ($500.00)** plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete **fifty (50) hours** of **community service** under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

Id.

Defendant received his First Violation Report in May 2022, when it was revealed that Defendant had never reported to CSFC for his scheduled intake/assessment, that he had failed to complete his Anger and Stress Management program, that he had failed to make any payments on his fine or court costs, that he hasn't made any progress on his community service hours, and that he hasn't reported to the Probation Office for several months. See First Violation Report (May 6, 2022).

Over the next year, Defendant received several more Violation Reports revealing his continued non-compliance with the above-listed conditions of probation. See Second Violation Report (Jun. 23, 2022); Third Violation Report (Aug. 5, 2022); Fourth Violation Report (Dec. 29, 2022); Fifth Violation Report (Jul. 24, 2023).

On August 9, 2023, Defendant failed to appear at his scheduled Further Proceedings hearing, and the Court issued a warrant for his arrest. See Bench Warrant (Aug. 17, 2023).

On December 14, 2023, the Court held Defendant's Return of Warrant hearing, and subsequently decided to revoke Defendant's probation. See Minute Entry (Dec. 14, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary

to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant violated multiple terms of his probation by failing to attend his required treatment sessions at both the Anger and Stress Management Program and at CSFC, failing to report to the Probation Office on a monthly basis, failing to pay off his fine and court costs, and failing to make any progress on completing his community service requirements.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant's conduct over the past two years demonstrates his inability to comply with his probationary conditions. Defendant continuously violated the same conditions of probation throughout the year, making no changes in his behavior. Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance

with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

<strong>CONCLUSION</strong>

For the reasons stated above, the Court hereby **REVOKES** Cori James Gumabon's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to forty-five (45) days incarceration at the Department of Corrections, Mangilao. This sentence shall run consecutive to any other period of incarceration defendant may serve. Defendant shall be credited for any time already served in the above-captioned matter. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this December 14, 2023.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**